CHRIS C. LANGNES, and wife, )
SHEILA LANGNES, )
 )
      Plaintiffs, )
 ) NO. 1:07-CV-266
v. ) *Lee*
 )
DONNA GODFREY, )
 )
      Defendant. )

## MEMORANDUM AND ORDER

**I.**    **Introduction**

Before the Court is the motion of Plaintiffs, Chris and Sheila Langnes, for a new trial pursuant to Fed. R. Civ. P. 6 and 59 and Fed. R. Evid. 106, 401, 402, 408, 804(b)(3), 902(1), 902(4), 902(5), 902(6) and 1005 [Doc. 54]. Defendant, Donna Godfrey, has filed a response to Plaintiffs' motion; namely, a motion to strike Plaintiffs' motion for a new trial as untimely or, in the alternative, to deny Plaintiffs' motion for a new trial [Doc. 56]. Consequently, Plaintiffs' motion for a new trial and Defendant's motion to strike are now ripe for review. For the reasons which follow,    Defendant's motion to strike and Plaintiffs' motion for a new trial

     will be **DENIED**.

**II.**    **Background**

This action arises out of the purchase of a home by Plaintiffs. On October 30, 2007, Plaintiffs filed a verified complaint seeking damages and equitable relief from Defendant and Athens Realty [Doc. 1]. Athens Realty and Defendant each filed a motion for summary judgment [Doc. 24, 25], which the Court granted in part and denied in part [Doc. 41].

Prior to trial, Plaintiffs and Athens Realty reached a settlement and Plaintiffs' claims against Athens Realty were dismissed with prejudice [Doc. 55]. Plaintiffs' action continued against Defendant and a jury trial of Plaintiffs' claims against Defendant was held on January 7 and 8, 2009 [Doc. 49 & 50]. On January 8, 2009, the jury returned a verdict in favor of Defendant on all counts [Doc. 52] and judgment was entered for Defendant on January 8, 2009 [Doc. 53].

**III.  Analysis**

    **A.  Defendant's Motion to Strike**

Defendant asserts Plaintiffs' motion for a new trial was not timely filed pursuant to Fed. R. Civ. P. 59(b), which requires that a motion for a new trial must be filed no later than ten days after the entry of judgment [Doc. 56 at 1]. Fed. R. Civ. P. 6(a) governs the computation of the time for filing motions. Although the Court's judgment is dated by the clerk as January 8, 2009, and the docket entry reflects it was filed January 8, 2009, the docket entry also states judgment was not entered until January 12, 2009 [Doc. 53]. Under these circumstances, January 12, 2009 will be the starting point for the time computation and, under Rule 6(a)(1), the ten-day period in which Plaintiffs could timely file their motion for a new trial under Rule 59 included January 27, 2009. Plaintiffs timely filed their motion for a new trial on January 27, 2009.

Accordingly, Defendant's motion to strike Plaintiffs' motion for a new trial as untimely filed [Doc. 56] will be **DENIED**.

    **B.  Plaintiffs' Motion for New Trial**

Plaintiffs seek a new trial based upon the Court's exclusion of certain evidence at trial; namely, that "[d]uring trial the Plaintiffs attempted to enter into evidence through documentary and oral testimony estimates to repair the items at the center of this law suit, and also . . . attempted to

2

enter the complete complaint made by the Plaintiffs to the Tennessee Real Estate Commission." [Doc. 54 at 2]. Plaintiffs assert this Court erred in sustaining the Defendant's objections to such evidence and excluding it, thereby warranting a new trial. In her response, Defendant asserts Plaintiffs' motion for a new trial should be denied because it does not set forth a basis for a new trial pursuant to Rule 59 [Doc. 56].

### 1. Standard of Review

Fed. R. Civ. P. 59(a) states in pertinent part:

> **(1) *Grounds for New Trial*.** The court may, on motion, grant a new trial on all or some of the issues--and to any party--as follows:
>
> **(A)** after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court . . . .

"The grounds for a new trial recognized in the courts of the United States are not specifically enumerated in the Federal Rule of Civil Procedure 59(a)." *Zipes v. Abraham*, No. CIV. A. 91-5206, 1993 WL 293891, *1 (E.D. PA Jul. 29, 1993), *aff'd*, 19 F.3d 645 (3rd Cir. 1994). "'[T]he authority of trial judges to grant new trials' pursuant to Rule 59(a) 'is large.'" *Bell v. Johnson*, 404 F.3d 997, 1002 (6th Cir. 2005) (quoting *Gasperini v. Ctr. for the Humanities, Inc.*, 518 U.S. 415, 433 (1996)).

Under Rule 59(a) and "[d]espite the lack of specificity, a court may grant a motion for a new trial (1) if the verdict or size of the verdict was against the weight of the evidence (i.e., if the jury's award was grossly excessive or inadequate) (2) if counsel engaged in improper conduct that had a prejudicial effect upon the jury (3) or if there were substantial errors of law with regard to the admission of evidence or the court's instructions to the jury which prejudice the moving party." *Zipes*, 1993 WL 293891 at *1 (citing *Stainton v. Tarantino*, 637 F. Supp. 1051, 1078 (E.D. Pa. 1986); *Maylie v. National R.R. Passenger Corp.*, 791 F. Supp. 477, 480 (E.D. Pa. 1992)). "A new

3

trial is warranted under Fed. R. Civ. P. 59(a) when a jury has reached a seriously erroneous result as evidenced by (1) the verdict being against the weight of the evidence, (2) the damages being excessive, or (3) the trial being unfair to the moving party." *McHugh v. Olympia Entertainment, Inc.*, 37 F. App'x 730, 734 (6th Cir. 2002) (citing *Holmes v. City of Massillon*, 78 F.3d 1041, 1045-46 (6th Cir. 1996)). "[T]here are three grounds for granting a new trial: (1) manifest error of fact; (2) manifest error of law; and (3) recently discovered evidence." *Zipes*, 1993 WL 293891 at *1 "Generally, a court may grant a new trial under Rule 59 if the verdict is against the weight of the evidence, if the damages award is excessive, or if the trial was influenced by prejudice or bias, or otherwise unfair to the moving party." *Conte v. General Housewares Corp.*, 215 F.3d 628, 637 (6th Cir. 2000).

A Rule 59 motion may not be used to relitigate matters already addressed by the jury, nor is it a means for raising new arguments or presenting evidence that could have been raised prior to entry of judgement. *Taylor v. Frank's Supply Co.*, No. EP-06-CA-444-DB, 2008 WL 558262, *1 (W.D. TX Feb. 12, 2008) (citing 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2810.1 (2d ed. 1995)). Rule 59 is "a means of preventing injustice," it is "not intended to provide a dissatisfied party with a second opinion from a different jury." *Id.* (citing *United States v. Flores*, 981 F.2d 231, 237 (5th Cir. 1993); *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989)).

A party cannot obtain a new trial based merely upon a showing that an error was committed at trial. *Chiaverini, Inc. v. Frenchie's Fine Jewelery, Coins & Stamps, Inc.*, No. 04-CV-74891-DT, 2008 WL 408415, *1 (E.D. Mich. Feb. 11, 2008). Motions for a new trial are reviewed pursuant to the harmless error standard of Fed. R. Civ. P. 61. *Taylor*, 2008 WL 558262 at *1. Fed. R. Civ. P.

4

61 addresses harmless error stating:

> Unless justice requires otherwise, no error in admitting or excluding evidence--or any other error by the court or a party--is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.

Under Rule 61, "'harmless errors' are technical errors or defects which do not affect the rights of a party." *Zipes*, 1993 WL 293891 at *2 (citing *Kotteakos v. United States*, 328 U.S. 750, 760 (1945)). "A court must consider the record before it and the circumstances of the particular case in making determinations regarding 'harmless errors.'" *Id.* (quoting *Kotteakos*, 328 U.S. at 762). "If the alleged error affected substantial rights of the parties, a new trial will be ordered; otherwise, it is harmless error and must be disregarded." *Id.* (quoting *Harkins v. Ford Motor Co.*, 437 F.2d 276, 278 (3rd Cir. 1970)). A court "must 'ignore errors that do not affect the essential fairness of the trial.'" *Chiaverini*, 2008 WL 408415 at *1 (quoting *McDonough Power Equip, Inc. v. Greenwood*, 464 U.S. 548, 553 (1984)). "[T]he burden of showing prejudice rests with the party seeking the new trial[.]" *Id.* (quoting *In re Air Crash Disaster*, 86 F.3d 498, 524 (6th Cir. 1996)). "Even if a mistake has been made regarding the admission or exclusion of evidence, a new trial will not be granted unless the evidence would have caused a different outcome at trial." *Morales v. American Honda Motor Co., Inc.*, 151 F.3d 500, 514 (6th Cir. 1998) (citing *Nida v. Plant Protection Ass'n Nat'l*, 7 F.3d 522, 527 (6th Cir. 1993)). "In other words, a plaintiff 'must show that he was prejudiced and that failure to grant a new trial is inconsistent with substantial justice.'" *Roberts v. Anderson*, 213 F. App'x 420, 424 (6th Cir. 2007) (quoting *Erskine v. Consol. Rail Corp.*, 814 F.2d 266, 272 (6th Cir. 1987)).

5

### 2. Repair Estimates

As noted, Plaintiffs seek a new trial because during trial they allegedly attempted to enter evidence regarding repair estimates. In their motion, Plaintiffs identify no repair estimate documents that were offered into evidence and excluded by the Court. In addition, they make no argument concerning the admissibility of any documents concerning repair estimates. However, Mr. Langnes did attempt to give hearsay testimony regarding repair estimates he obtained during his communications with persons who potentially could perform the repairs.[1]

Although Plaintiffs summarily assert the Court erred in excluding evidence of repair estimates, Plaintiffs do not identify any basis for the admission of such evidence in their motion or explain how admission of such evidence would have resulted in a different outcome at trial, *i.e.*, a different jury verdict. Plaintiffs have failed to satisfy their burden of showing the exclusion of any such evidence was prejudicial to or affected their substantial rights. At trial, Plaintiffs testified there were defects in the property resulting in damages and they testified about expenses incurred by them as a result of the defects, such as the cost of space heaters and travel expenses.[2] In its January 8, 2009 verdict form, however, the jury indicated Plaintiffs had not proven liability in any of their four state law claims against Defendant [Doc. 52]. Because the jury found that Plaintiffs had failed to establish liability on any of their claims against Defendant, the jury never deliberated or considered the issue of the amount of alleged damages. Admission of repair estimates – which were directed

---

[1] Plaintiffs failed to identify any repairperson as a witness in the final pretrial order [Doc. 48] or even file a witness list as required by this Court's scheduling order [Doc. 15] and Fed. R. Civ. P. 26(a)(3)(A).

[2] Mr. Langnes also sought to testify about repair estimates he obtained but, based upon a hearsay objection, the testimony was excluded. Like at trial, in their motion Plaintiffs do not argue such testimony was not hearsay or that it falls within any exception to the hearsay rules.

6

towards proving the *amount* of damages – could not have had an effect on the jury's verdict as to the issue of liability. Thus, even assuming *arguendo* the exclusion of repair estimates evidence was error, it would have been harmless error at most, which does not warrant a new trial.

Thus, Plaintiffs are not entitled to a new trial of this matter based upon the Court's exclusion of their repair estimate evidence at trial.

### 3. Tennessee Real Estate Commission Documents

At trial, the first page of an "Official Complaint and Affidavit" submitted to the Tennessee Real Estate Commission ("Commission") was admitted as Defendant's exhibit 2 without objection. The affidavit and accompanying attachments were not offered into evidence by agreement of the parties.[3] The Plaintiff did attempt to introduce the Consent Order entered between the Defendant and the Commission over the objection of the Defendant. Defendant objected to admission of the Consent Order on the ground it was a settlement document inadmissible under Fed. R. Evid. 408 to prove either the Defendant's liability or the amount of damages, which objection was sustained by the Court relying on cases such as *Trans Union Credit Information Co. v. Associated Credit Services, Inc.*, 805 F.2d 188, 192 (6th Cir. 1986); *United States v. Contra Costa County Water Dist.*, 678 F.2d 90, 92 (9th Cir. 1982); and *New York City Dept. of Finance v. Twin Rivers, Inc.*, No. 98-7488, 98-7444. 1999 WL 385737, *3 (2d Cir. Jun. 8, 1999) after Plaintiffs stated their purpose for seeking to introduce the Consent Order was to prove the Defendant's liability or the amount of

---

[3] As it was not attached to their motion for a new trial, Plaintiffs have filed a copy of the complaint as a supplement to their motion [Doc. 58]. The supplement includes the complaint to the Commission with accompanying documentation, Defendant's reply to the complaint, and the Consent Order entered by the Commission and Defendant [*id.*]. At trial, the only portion of the supplement the Plaintiffs sought to introduce into evidence, other than the one-page complaint introduced by the Defendant, was the Consent Order, which was marked for identification purposes only as Plaintiffs' exhibit B.

7

damages.

Both during the trial and outside of the jury's presence, the Court allowed Plaintiffs every opportunity to establish a basis for the admission of the Consent Order. Despite affording the Plaintiffs an opportunity to establish the admissibility of the Consent Order, the only ground asserted by the Plaintiffs for admission of the Consent Order, both at trial and during the hearing concerning the admissibility of the evidence, was the "rule of completeness" under Fed. R. Evid. 106. However, "Rule 106 is intended to eliminate the misleading impression created by taking a statement out of context. The rule covers an order of proof problem; it is not designed to make something admissible that should be excluded." *United States v. Costner*, 684 F.2d 370, 373 (6th Cir. 1982).

In their motion for a new trial, Plaintiffs acknowledge:

> 8. During trial, but out of the Jury's presence, the Court held a hearing, whereby it conducted a brief voir dire of the Defendant as to whether this was the result of a compromise or did she dispute the allegations.
>
> 9. The Defendant indicated that this was a settlement or compromise . . . .

[Doc. 54 at 2-3]. In addition, the Consent Order itself states it reflects a settlement.

In their motion and for the very first time, Plaintiffs are asserting grounds and citing arguments for the admission of documents accompanying the complaint, which they never even sought to introduce at trial, and for admission of the Consent Order. These new grounds and arguments were not made to the Court at any time prior to the instant motion and include that the documents are "self authenticating" under Fed. R. Evid. 902(1), 902(4), 902(5) and 902(6) [Doc. 54 at 4] and that the complaint in its entirety was part of an official record and should have been admitted under Fed. R. Evid. 1005 [*id.* at 5]. In addition, Plaintiffs assert the result of the complaint

8

"was a matter of public record, and was published in the Tennessee Real Estate Commission's 'Tennessee Real Estate News-Journal' Summer 2007 edition" [Doc. 54 at 3, ¶ 11 & 54-2 at 3].[4] Because Plaintiffs never sought to introduce the documents accompanying the complaint at trial – other than the Consent Order – Plaintiffs cannot use Rule 59 to raise new arguments that could have been made at trial, but were not. *Taylor*, 2008 WL 558262 at *1.

Turning to the Consent Order, Plaintiffs assert the most important portion of the Consent Order is the finding that Defendant engaged in a "willful violation of nondisclosure laws pertaining to Real Property and Real Estate Agents in the State of Tennessee." [Doc. 54 at 2, ¶ 6]. Plaintiffs also assert: "The Real Estate Commission has indicated that the order was handed down due to the Defendant merely failing to continue to cooperate with the Commission any further on the matter. She let the case rest upon her sworn statement, and provided no further evidence or requested a formal hearing. This was not a compromise as represented to the Court." [Doc. 54 at 3, ¶ 10]. Contrary to the Plaintiffs' contention, the Consent Order states Defendant "voluntarily enters into this Consent Order to avoid formal charges and a contested case proceeding with respect to the matters described herein" and that Defendant was waiving the right to a hearing "in order to enter this settlement." [Doc. 58 and Plaintiffs' Exhibit B for identification purposes]. More importantly with respect to Defendant's objections to the admission of the Consent Order, Plaintiffs offered no evidence at any time during the trial to challenge that the Consent Order was entered by the Commission and Defendant as a settlement of the complaint.

Even assuming for the sake of argument that the Court's failure to admit the Consent Order was error, Plaintiffs have failed to satisfy their burden of showing the exclusion prejudiced their

---

[4] The relevant entry in the *Tennessee Real Estate News-Journal* states: "Ms. Godfrey was assessed a civil penalty of $1,000.00 for failure to disclose information." [Doc. 54-1 at 3].

substantial rights by affecting the fundamental fairness of the trial or the jury's verdict. Thus, error in excluding the Consent Order, if any, was harmless because Plaintiffs have not shown the exclusion of the evidence was a substantial error of law which either affected the jury's verdict or was inconsistent with substantial justice.

Accordingly, Plaintiffs' motion for a new trial [Doc. 54] will be **DENIED**.

## IV. Conclusion

For the reasons stated above:

    (1)    Defendant's motion to strike [Doc. 56] is **DENIED**;

    and

    (2)    Plaintiffs' motion for a new trial [Doc. 54] is **DENIED**.

SO ORDERED.

ENTER:

                                        s/*Susan K. Lee*
                                        SUSAN K. LEE
                                        UNITED STATES MAGISTRATE JUDGE