UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| CHRIS C. LANGNES, and wife, <br> SHEILA LANGNES, <br>       Plaintiffs, <br> v. <br> DONNA GODFREY, <br>       Defendant. | NO. 1:07-CV-266 <br> *Lee* |

## MEMORANDUM AND ORDER

### I.    Introduction and Background

Before the Court is the motion of Defendant Donna Godfrey to recover attorney fees and "discretionarily costs" from Plaintiffs Chris Langnes and Sheila Langnes [Doc. 57]. The total amount of recovery sought by Defendant is $19,687.75 [*id.* at 1]. Attached to Defendant's motion is the affidavit of her attorney, Charles W. Pope, Jr. ("Pope"), who states the "attorney fees associated with this matter amount to $18,900.00 which relate to approximately 108 hours expended in court, travel to and from court, document review, document research and preparation, preparation for and conducting depositions, office and phone consults." [*Id.* at ¶ 3]. Pope also states he bills, and is regularly compensated, for legal services at the rate of $175.00 per hour [*id.* at 4, ¶ 4]. Defendant also seeks "discretionary costs" of $787.75 for the depositions of Plaintiffs [*id.* at 3]. An

invoice related to Plaintiffs' depositions is attached to Pope's affidavit [Doc. 57-2].

Plaintiffs have not filed a timely response to Defendant's motion and it is now ripe for review. For the reasons which follow, Defendant's motion for attorney fees and "discretionary costs" will be **DENIED**.

## II. Analysis

### A. Defendant's Contentions

Defendant seeks an award of attorney fees:

> due to the bad faith of the Plaintiffs in maintaining multiple, meritless claims for relief. The Plaintiffs failed to come forward with any proof of damages despite alleging nine separate causes of action in the matter before the Court.

[*Id.* at 1]. Defendant also asserts Plaintiffs failed to articulate any basis for the nine claims they brought and maintained throughout the course of this litigation [*id.* at 2]. Specifically, Defendant seeks an award of attorney fees and costs based upon Fed. R. Civ. P. 54(d)(2), *Bailey v. County of Riverside*, 414 F.3d 1023, 1024 (9th Cir. 2005) (regarding the timeliness of a motion under Rule 54(d)(2)(B) when there are pending post-trial motions) and "the accepted bad faith rule" set forth in *Shimman v. Int'l Union of Operating Engineers, Local 18*, 744 F.2d 1226 (6th Cir. 1984) [*id.* at 1-2].

### B. Standard

"It has long been the general rule in the United States that a prevailing party may not ordinarily recover attorneys fees in the absence of a statute or enforceable contract providing for a fee award." *Shimman*, 744 F.2d at 1229 (citing *Arcambel v. Wiseman*, 3 U.S. (3 Dall.) 306, 1 L.Ed. 613 (1796)). The Supreme Court has reaffirmed this so-called "American Rule" on numerous occasions. *See e.g., Shimman*, 744 F.2d at 1229 (citing *Hensley v. Eckerhart*, 461 U.S. 424 (1983);

2

*Summit Valley Industries v. Local 112, United Brotherhood of Carpenters*, 456 U.S. 717 (1982); *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240 (1975)).

In certain exceptional situations where the opposing party acted in bad faith, an exception to the American Rule allows a court to award attorney fees. *Shimman*, 744 F.2d at 1229. "[I]t has long been held that a federal court may award counsel fees to a successful plaintiff where a defense has been maintained 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Id.* at 1230 (quoting *Newman v. Piggie Park Enterprises*, 390 U.S. 400, 402 n.4 (1968) (quoting 6 Moore's Federal Practice 1352 (1966 ed.)). "The bad faith considered by courts in construing [the bad faith] exception generally falls within one of three categories: (1) bad faith occurring during the course of the litigation; (2) bad faith in bringing an action or in causing an action to be brought; and (3) bad faith in the acts giving rise to the substantive claim." *Id.* (footnote omitted). "Courts have also consistently recognized attorney fees as awardable where a meritless claim or defense is maintained in bad faith." *Id.* (footnote omitted). The bad faith exception to the American Rule does not apply to penalize a litigant whose judgment concerning the merits of his or her position turns out to be in error as the American Rule protects the right to go to court and litigate a non-frivolous claim. The unsuccessful litigant may be penalized, however, if the litigation was not maintained in good faith. *Id.* at 1231.

"An award of attorney's fees . . . is an extreme sanction, and must be limited to truly egregious cases of misconduct." *Monroe Auto Equipment Co. v. Int'l Union, United Automotive, Aerospace and Agr. Implement Workers of America (UAW), Monroe Auto Equipment Co., Unit of Local 878,* 981 F.2d 261, 270 (6th Cir. 1992) (quoting *Ray A. Scharer and Co. v. Plabell Rubber Products*, 858 F.2d 317, 320 (6th Cir. 1988)). Indications of subjective bad faith are "that the claims

advanced were meritless, that [plaintiffs or their] counsel knew or should have known this, and that the motive for filing the suit was an improper purpose such as harassment." *Smith v. Detroit Federation of Teachers Local 231*, *American Federation of Teachers, AFL-CIO*, 829 F.2d 1370, 1375 (6th Cir. 1987) (citing *McCandless v. Great Atlantic and Pacific Tea Co.*, 697 F.2d 198, 201 (7th Cir. 1983)). To award attorney fees under the bad faith exception to the American Rule, a trial court must find the plaintiff's action was both entirely without color and asserted for purposes of harassment, delay, or other improper reasons as meritlessness alone will not suffice for such an award. *See Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 314 (6th Cir. 1997); *Maddox v. E.F. Hutton Mortg. Corp.*, 723 F. Supp. 1246, 1249 (M.D. Tenn. 1989).

**C.     Application**

Defendant has not shown this case falls within, or even near, the realm of truly egregious cases of misconduct which warrant the extreme sanction of an award of attorney fees under the bad faith exception to the American Rule. First, Defendant has come forward with no evidence showing Plaintiffs brought this action in subjective bad faith or for an improper purpose such as the harassment or oppression of Defendant. Although the jury ultimately found for Defendant on the four state law claims which were presented to the jury for deliberation – intentional misrepresentation, misrepresentation by concealment, negligent misrepresentation, and breach of contract – the evidence presented at trial was not so one-sided in favor of the Defendant as to suggest the Plaintiffs' claims on these issues were so utterly lacking in merit as to establish that the Plaintiffs brought and maintained these claims in subjective bad faith or for an improper purpose.

Second, although Defendant asserts the Plaintiffs persisted in bringing and maintaining nine meritless causes of action throughout the course of litigation, in her motion for summary judgment

4

Defendant explicitly sought, and obtained, summary judgment on only one of Plaintiffs' nine claims – the claim that the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101, et. seq., was violated. In her memorandum in support of her motion for summary judgment, Defendant made a general, non-specific argument that Plaintiffs' remaining claims against her should be dismissed. However, she did not make an explicit argument or present any specific evidence seeking a summary judgment as to the Plaintiffs' eight other claims against her and the Court found Defendant failed to satisfy her burden of showing the absence of a genuine issue of material fact as to the Plaintiffs' eight remaining claims.

Third, contrary to Defendant's contention, Plaintiffs did not maintain all nine of their claims throughout the course of the litigation. Rather, prior to trial, Plaintiffs agreed that four of their remaining claims – civil conspiracy under Tennessee law, violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et. seq.*, conversion, and unconscionability – should not be presented to the jury. Plaintiffs agreed not to pursue these claims or submit them to the jury, even though Defendant did not file a dispositive motion on these claims and this action by Plaintiffs negates Defendant's claim of subjective bad faith or improper motive on the part of Plaintiffs in bringing this action.

Although Plaintiffs did not ultimately prevail on their claims, the Court declines to find this action falls within the bad faith exception to the American Rule. Accordingly, Defendant's motion for attorney fees and "discretionary costs" will be **DENIED**. This order does not preclude Defendant from timely filing an appropriate bill of costs pursuant to Fed. R. Civ. P. 54(d)(1) and applicable local rules.

### III. Conclusion

For the reasons set forth above, Defendant's motion for attorney fees and "discretionary costs" [Doc. 57] is **DENIED**.

SO ORDERED.

ENTER:

                                                              s/*Susan K. Lee*
                                                              SUSAN K. LEE
                                                              UNITED STATES MAGISTRATE JUDGE